**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CAUSE NO. 4:12-CR-00731-001** |
| | § | |
| **ASHLEY NICOLE RICHARDS** | § | |

**MOTION TO DIMISS**

COMES NOW, ASHLEY NICOLE RICHARDS, Defendant, by and through her attorney of record, Joyce Raynor of J. Raynor Carr & Associates, P.C., and files this Motion to Dismiss Counts One through Five of the underlying indictment, charging the defendant with the creation and distribution of Animal Crush Videos under 18 U.S.C. §48 because the applicable statute violates the First Amendment to the United States Constitution.

ASHLEY NICOLE RICHARDS, hereby adopts, joins in and incorporates by reference the Motion to Dismiss filed on behalf of Co-Defendant Brent Justice. Defendant Richards would further state to the Court the following:

**I.**

**HISTORY OF 18 U.S.C. §48**

The predecessor statute to the current 18 U.S.C. §48, the Animal Crushing Act, was promulgated to address the criminalization and punishment of knowingly creating, selling or possessing  the portrayal or depiction of animal cruelty videos

1

with the intent of placing said depictions into interstate commerce. P.L. 106-152. The Act, in pertinent part, defined the term "depiction of animal cruelty" as any audio or visual depiction of conduct to intentionally harm animals wherein the conduct depicted is illegal in the territory where the creation, sale or possession took place. 18 U.S.C. §48(c)(1) (2009).  The Act further excluded depictions having serious artistic, educational, or similar value. 18 U.S.C. §48(b)(2009).

On April 20, 2010, the Supreme Court struck down the Act as unconstitutionally overbroad. *U.S. v. Stevens*, 130 S. Ct. 1577 (2010). The Supreme Court addressed several concerns it had with the Animal Crushing Act including its criminalization of lawful conduct if the videos were found in a territory where the conduct is unlawful as well as the statute not being limited to depictions of animal cruelty. *Id*. 1581-82.  The current version of 18 U.S.C. §48 was enacted on December 9, 2010.   The current Act as rewritten still fails to pass constitutional muster because it is a content based restriction to speech, and as such, should be struck down again as unconstitutional on its face.

Defendant Richards submits that a facial challenge to 18 U.S.C. §48 is permissible *and* warranted because the statute is a content-based regulation of speech. *R.A.V v. City of St. Paul, Minn.,* 505 U.S. 377 (1992); *Brown v. Entertainment Merchants Ass'n,* 131 S. Ct. 2729 (2011).

2

## II.

## Current 18 U.S.C. §48

The new statute prohibits the knowing creation or sale of animal crush videos affecting interstate commerce.  The statute further defines animal crush videos as:

> "any motion picture film, video, digital recording or electronic image that-
>
> > (1) depicts actual conduct in which 1 or more living non-human mammals, birds, reptiles, or amphibians is intentionally crushed, burned, drowned, suffocated, impaled or otherwise subjected to serious bodily injury …; and
> >
> > (2) is obscene."

18 U.S.C. §48(a).  The act has a savings clause, exempting from prosecution any depictions of –

> "customary and normal veterinary or agricultural husbandry practices; the slaughter of animals for food; or hunting trapping, or fishing."

18 U.S.C. §48(e).

The current Act as written is an attempt to regulate speech based on its content and is presumptively invalid, thus shifting the burden to the Government to

rebut that presumption. *U.S. v. Playboy Entertainment, Inc.,* 529 U.S. 803,817, quoting *R.A.V.* at 382.

The Government cannot show any compelling interest under 18 U.S.C. §48, as the lesser-included offense of producing and transporting obscene material for sale is already punishable by a term of imprisonment. *See* 18 U.S.C. §1465.  Under 18 U.S.C. §48 (d), an enhanced penalty of up to 2 more years is imposed on the possession, sell or creation of certain depictions, animal cruelty, based solely on their content.  The Act further fails on its face to answer several other First Amendment objections and, as such, should be struck down again as unconstitutional.

### III.

"Congress shall make no law . . . abridging the freedom of speech...." *Amend. I, U.S. Const.*   Except in limited circumstances, the Government has no right to infringe upon the speech or expression just because of its message, its ideas, its subject matter, or its content. *Ashcroft v. A.C.L.U*, 535 U.S. 564, 573(2002), quoting *Police Dept. of Chicago v. Mosely*, 408 U.S. 92, 95(1972).  If there is a bedrock principle underlying the First Amendment, it is that the Government cannot prohibit expression of an idea simply because society finds the idea offensive or disagreeable. *U.S. v. Playboy Entertainment Group, Inc*., 529 U.S. 803, 826 (2000).  The history of the law of free expression is one of

vindication in cases involving speech that many citizens may find shabby, offensive or even ugly. *Texas v. Johnson*, 491 U.S. 397, 414 (1989)(citation omitted).

The Court in *Stevens* declined to conjecture whether a statute limited to restricting depictions of crush videos would pass constitutional muster.  Still within the case of otherwise unprotected expression, there can be impermissible content regulation thereof. *R.A.V.* at 383-84 (court struck down a hate crimes ordinance applicable to the use of **certain** "fighting words" as a vehicle for content discrimination unrelated to their distinctly proscribable content).

Defendant Richards concurs with and joins in the arguments made by Defendant Justice in that 18 U.S.C. §48, as written, is an impermissible content based regulation of speech because (1) it fails to provide a nexus between the obscene depiction and the bodily injury caused to the animal, and, as such, is a vehicle for content discrimination unrelated to any distinctly proscribable content; (2) it erroneously equates depictions of the causation of injury to animals as obscene, i.e. the most patently offensive in its prurience, and is, thus, an attempt to expand the definition of obscenity; (3) it imposes enhanced penalties on speakers who express views on disfavored subjects; (4) and the content discrimination is not reasonably necessary or the least restrictive means to achieve any compelling governmental interest.

Based on the numerous First Amendment objections, Defendant Richards requests this Court dismiss Counts One through Five of her indictment.

Respectfully submitted,

/s/ Joyce Raynor
Joyce Raynor
Attorney for Defendant,
Ashley Nicole Richards
SBN: 00789572
9894 Bissonnet #815
Houston, Texas 77036
Tel: (281) 684-1463
Fax: (281) 438-0982
jraynorcarr@gmail.com

**Certificate of Service**

I certify that a copy of this Motion to Dismiss was served on Sherri Zack, AUSA for the Southern District of Texas and Philip Gallagher, AFPD, by ECF, electronic notice, on this the 30th day of January 2013.

/s/ Joyce Raynor
Joyce Raynor