UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CAUSE NO. 4:12-CR-00731-001 |
| § | |
| ASHLEY NICOLE RICHARDS § | |
| BRENT JUSTICE | |

### REPLY TO THE GOVERNMENT'S RESPONSE TO RICHARDS' MOTION TO DIMISS

ASHLEY NICOLE RICHARDS files this Reply to the Government's Response to Richards' Motion to Dismiss.

I.

## THE REAL CHALLENGES MADE TO 18 U.S.C. §48

While the Government's consolidated response to Richards and Justice's motions to dismiss address the facial challenge to 18 U.S.C. §48 based on the overbroad doctrine, it adroitly avoids the real basis for the challenge to the statute as an impermissible content-based regulation of speech in violation of the First Amendment of the U.S. Constitution.

Richards urged in her motion to dismiss that §48 as written is a content-based regulation of speech, and as such, is presumptively invalid. Richard's Motion at 3. The Government agrees that content-based regulations are presumptively invalid. Gov't Response at 19. However, the Government then goes on to produce 6 pages of argument defending the overbreadth doctrine instead of

addressing the underlying challenges being made by Richards and Justice. Gov't Response at 20-25.

Richards joins with Justice in so stating that the cases the Government cited in support of its argument that facial challenges are always disfavored deal with the overbreadth doctrine and not content-based challenges. Gov't Response at 20-21(citing *U.S. v. Stevens*, 130 S. Ct. 1577 (2010) and *U.S. v. Chapppell*, 691 F.3d 388 (4th Cir. 2012)).  It is rare that a regulation restricting speech because of its content will ever be permissible, *U.S. v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, 818 (2000).  Since 18 U.S.C. §48 is a restriction on the content of expression, a facial challenge is not only permissible but warranted. *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377 (1992); *Brown v. Entertainment Merchants Ass'n*, 131 S. Ct. 2729 (2011).

## II.

### LEAST RESTRICTIVE MEANS OF SUPPORTING A COMPELLING GOVERNMENTAL INTEREST

Since both Richards and Justice raise the facial challenge to §48 as a content-based regulation of speech, the Government has the burden to rebut the presumption that §48 is presumptively invalid. *Playboy* at 817*; quoting R.A.V.* at 382.  Any content based regulation of speech must be met with strict scrutiny requiring the least restrictive means to achieving any compelling governmental interest.

The Government conveys that it has a compelling interest in prohibiting the creation and distribution of animal crush videos. Gov't Response at 25. It also contends that §48, as amended in 2010, is narrowly tailored to enforce such interest and is the least restrictive means of doing so. Gov't Response at 26. We totally disagree. As written, §48 is an enhancement statute, punishing the production and transport of obscene animal crush videos an additional 2 years beyond that which 18 U.S.C. §1465 already punishes the same acts. [See also Count Seven of the underlying indictment.] 18 U.S.C. §48 is simply an act of censorship. The danger of "censorship" presented by a facially content-based statute, *Leathers v. Medlock*, 499 U.S. 439,448 (1991), requires that that weapon be employed *only* where it is "necessary to serve the asserted [compelling] interest." *Busson v. Freeman*, 504 U.S. 191, 199 (1992). It is, therefore, not the least restrictive means to enforce this governmental interest.

### III.
### CRUSH VIDEOS AS CATEGORICALLY UNPROTECTED OSBCENITY

The Government further argues that §48 is categorically unprotected under the First Amendment, i.e. obscenity, by stating §48 adjusts the boundaries of an existing category of unprotected speech. Gov't Response at 29. This is words play at its best. In fact §48 seeks to expand the definition of obscenity as defined by both *Roth v. United States*, 354 U.S. 476 (1957), 77 S. Ct. 1304; and *Miller v. California*, 413 U.S. 14 (1976), 93 S. Ct. 2607.

Animal cruelty is being made to look like obscenity when in fact obscenity as an exception to First Amendment protection covers sexual conduct. *Roth* at 487 and *Miller* at 24. The Court in *Stevens* held that depictions of animal cruelty are not categorically unprotected forms of speech. *Stevens supra* at 1584. The Government seeks in its response to do that which the Supreme Court has already forbidden: expand the definition of obscenity to animal cruelty depictions. *Id.* Attempts to change (expand) the definition of obscenity have been met with fierce rejection by the Supreme Court. *Brown supra* at 2734, (holding that violent video games fell outside the definition of obscenity no matter how shocking the nature of such material, it was not sexual conduct.) Legislatures may not add new categories of unprotected speech to the list of speech "too harmful to be tolerated." *Id*. (citing *Stevens*, at 1585).

## IV.
## CONCLUSION

The Government fails in its arguments to address the facial challenge to 18 U.S.C. §48 as a content based regulation of speech. It fails to show a compelling governmental interest in support of §48 that is not already addressed in previous legislation. It erroneously attempts to expand the definition of obscenity by adding animal cruelty videos to the list of exceptions to First Amendment protections. For these reasons, Richards urges the Court to dismiss Counts One through Five of the indictment.

Respectfully submitted,

/s/ Joyce Raynor
Joyce Raynor
Attorney for Defendant,
Ashley Nicole Richards
SBN: 00789572
9894 Bissonnet #815
Houston, Texas 77036
Tel: (281) 684-1463
Fax: (281) 438-0982
jraynorcarr@gmail.com

## Certificate of Service

I certify that a copy of this Reply to Government's Response to Motion to Dismiss was served on Sherri Zack, AUSA, and Philip Gallagher, AFD for the Southern District of Texas, by ECF, electronic notice, on this the 28th day of February 2013.

/s/ Joyce Raynor
Joyce Raynor